IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDREW S. ANDERSON,

    Plaintiff,

vs.

W. J. WILSON, et al.,

    Defendants.

No. C 12-5297 YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## INTRODUCTION

Plaintiff, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He also seeks leave to proceed *in forma pauperis*, which will be granted in a separate Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at the California Training Facility ("CTF"), which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants at CTF: Associate Warden W. J. Wilson; Education Supervisor Barbara Lusk; Supervisory Psychologist D. Wynn; Correctional Lieutenants P. J. Frudden, J. Esparza, Jr., D. Dunstan; Correctional Sergeant M. Evans; Correctional Officers Rincon, Lopez and Rice; Chief Deputy Warden M. E. Spearman; and Warden Randy Grounds. Plaintiff seeks monetary damages.

## DISCUSSION

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Legal Claims

Having reviewed the complaint, the Court finds that Plaintiff's allegations, liberally construed, state a cognizable First Amendment claim that Defendants Wilson, Lusk, Wynn, Frudden, Esparza, Dunstan, and Spearman retaliated against Plaintiff based on their actions relating to bringing false charges against him in order to place him in the Secure Housing Unit as punishment for filing a 602 inmate appeal against Defendant Wilson. *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977) (Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper.).

To the extent Plaintiff claims that Defendants Evans, Lopez, Rice and Rincon intentionally or negligently lost his personal property, that claim is dismissed. Neither the intentional nor negligent deprivation or destruction of an inmate's property states a claim under § 1983 if the deprivation was random and unauthorized. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property)*; Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni,* 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

It is well-established that there is no constitutional right to a job or rehabilitation in prison. *See Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no right to job); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (no right to vocational course for rehabilitation); *see also Lyon v.*

2

*Farrier*, 727 F.2d 766, 769 (8th Cir. 1984) (prisoners have no right to tenure in their prison jobs). Nor is there any indication that California has created a protected liberty or property interest in a prison job. The California Constitution states that its provisions on inmate labor shall not be interpreted as creating a right of inmates to work, Cal. Const. art. XIV § 5, and the state statute which provides for work credits, Cal. Penal Code § 2933, has been found not to create a protected liberty interest, *see Toussaint v. McCarthy*, 801 F.2d 1080, 1095 ( 9th Cir. 1986). Accordingly, Plaintiff's claims relating to the loss of his job and wages as well as his allegations of Defendants' "interference with [his] rehabilitation" are DISMISSED without leave to amend.

California's transfer regulations also do not create a constitutionally protected liberty interest because they contain no substantive limitations on prison officials' discretion to grant or refuse the transfer of prisoners. *See* Cal. Pen. Code § 5080; Cal. Code Regs. tit. 15, § 3379; *People v. Lara*, 155 Cal. App. 3d 570, 575-76 (1984) (discretion to transfer inmates is vested in the Director of Corrections). A provision that merely provides procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Because the statutory language does not meet the first prong of the *Sandin* test,[1] no protected liberty interest requiring constitutional protection is created and Plaintiff fails to state a claim for relief. Accordingly, Plaintiff's claim relating to the threat of transfer and his eventual transfer to another prison are DISMISSED with prejudice.

Plaintiff alleges that Defendants' acts of retaliation violated various provisions of California constitutional, statutory and tort law. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a). Liberally construed, Plaintiff's allegations satisfy the statutory requirement. Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

---

[1] Deprivations authorized by state law also may amount to deprivations of a procedurally protected liberty interest provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, that is, give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *Sandin v. Conner*, 515 U.S. 472, 477-87 (1995).

3

Finally, the Court assumes Plaintiff has named Defendant Grounds, the Warden at CTF, because he is responsible for running the prison and should be liable for the alleged retaliatory actions of his subordinates. This is a respondeat superior claim, that is, he seeks to hold Defendant Grounds liable as the superiors of the persons he contends violated his rights. This is, however, not a proper basis for Section 1983 liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The supervisory liability claim against Defendant Grounds is DISMISSED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's complaint states a cognizable First Amendment claim of retaliation against Defendants Wilson, Lusk, Wynn, Frudden, Esparza, Dunstan, and Spearman. The Court will exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's remaining claims are DISMISSED, as explained above.

2.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (Docket No. 1) and a copy of this Order to the following prison officials at CTF: **Associate Warden W. J. Wilson; Education Supervisor Barbara Lusk; Supervisory Psychologist D. Wynn; Correctional Lieutenants P. J. Frudden, J. Esparza, Jr., D. Dunstan; and Chief Deputy Warden M. E. Spearman.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the California State Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.

4

(This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

 a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

 b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

 c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  *Wyatt*, 315 F.3d at 1120 n.14.  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case.  *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

    d.  Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  5.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  6.  All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

  7.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

  8.  Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

  IT IS SO ORDERED.

DATED: October 30, 2013

                **Y**VONNE **G**ONZALEZ **R**OGERS
                **U**NITED **S**TATES **D**ISTRICT **C**OURT **J**UDGE